## PROPERTY IN THE CARCASSES OF DEAD ANIMALS.

Circuit Court of Cuyahoga County.

J. L. STADLER V. CITY OF CLEVELAND ET AL.

Decided, December 9, 1907.

*Police Power—Municipal Corporations—Health Regulations—Disposing of Carcasses of Dead Animals.*

The right of a municipal corporation to regulate the disposal of dead animals is limited to the reasonable necessities of the public health and welfare, and can not be so exercised as to deprive the owner of his property in the carcasses.

*W. H. Boyd* and *E. J. Hart,* for plaintiff in error.
*N. D. Baker,* City Solicitor, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The plaintiff seeks to enjoin the defendant's alleged unlawful interference with his hauling in the innocuous carcasses of animals, which, though not fit for food, are his property, from points within the city, through the public streets, to his rendering works without the city. Judgment was rendered against him below on demurrer to his petition. *California Reduction Co.* v. *Sanitary Reduction Works,* 199 U. S., 306.

In the exercise of the police power, municipal corporations are authorized by Section 1536-761, Revised Statutes, to regulate the disposal of dead animals. But inasmuch as dead animals are valuable for purposes other than food, and the right of private property therein clearly exists, the city's right to regulate the disposal thereof is limited to the reasonable necessities of the public health and welfare.

The petition alleges that the interference complained of is unlawful and that the carcasses in question are not noxious. The demurrer should therefore have been overruled. Whether the petition is vulnerable to a motion to make definite and certain we do not decide, nor is it necessary to speculate what ordinance regulations, if any, on the subject may be valid. That issue can doubtless be raised by answer to the merits.

Reversed and remanded.